IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TERRY O'BRIAN STUART,

       Plaintiff,

vs.                                                                  No. 06-2525-JDB/dkv

SHELBY COUNTY,

       Defendant.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

      Plaintiff Terry O'Brian Stuart, a resident of Crenshaw, Mississippi, who was formerly incarcerated as an inmate at the Shelby County Criminal Justice Center, filed a complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis and for appointment of counsel. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall record the Defendant as Shelby County.[1]

---

[1] Plaintiff named the Shelby County Jail Medical Department as a Defendant. As governmental departments are not suable entities, the Court construes the allegations against Shelby County. See generally Hafer v. Melo, 502 U. S. 21 (1991).
    In the body of the complaint, Plaintiff named the "corporation responsible for spraying insects" as a Defendant. Plaintiff filed the form complaint for alleging civil rights violations under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229

I.   <u>Motion for Appointment of Counsel</u>

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. <u>See</u> <u>Lavado v. Keohane</u>, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." <u>Id.</u> at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. <u>See</u> <u>id.</u> at 606; <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the <u>pro se</u> litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. <u>See</u> <u>Lavado</u>, 992 F.2d at 604-05; <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of

---

(6th Cir. 1985).  The company providing pest control services to the Jail is a private company.  Therefore, there is no cause of action under the civil rights acts.   <u>West v. Atkins</u>, 487 U.S. 42, 55-57 (1988).   In general, private individuals and companies do not act under color of state law.  <u>See id.</u>; <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>McCord v. Bailey</u>, 636 F.2d 606, 613 (D.C. Cir. 1979).

2

appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

II. Analysis of Plaintiff's Claims

Stuart sues Shelby County alleging that he was bitten by a spider during his stay at the Jail. Although Plaintiff was seen by a nurse and doctor who diagnosed him with a spider bite, was moved to isolation, and given medication, he contends the "medical staff" were negligent in his treatment.

The Court is required to screen prisoner complaints[3] and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

[3] Plaintiff was incarcerated at the time he filed this complaint, therefore, his complaint is subject to screening under these provisions.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[4] Plaintiff's complaint is subject to dismissal in its entirety.

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). Under the Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires

---

[4] To the extent plaintiff's exhibits and allegations are insufficient to demonstrate total exhaustion, the Court screens his complaint under 42 U.S.C. § 1997e(c)(2).

4

that the deprivation be "sufficiently serious."  Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.  The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03.  The official's intent must rise at least to the level of deliberate indifference.  Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious.  Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992).  "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."  Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).  The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice.  Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent

diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

Plaintiff does not provide any allegations demonstrating that anyone was deliberately indifferent to his medical needs. He admits that he has received medical evaluation. Although Plaintiff disagrees with the decisions made regarding his treatment, a difference of opinion between a prisoner and medical personnel about diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Even if medical personnel were negligent in examining, diagnosing, or treating Plaintiff, their error would amount at most to medical malpractice. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06. The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated.

A local governmental entity, such as a county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing

6

history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

In this case, it is clear from the complaint that Plaintiff relies entirely on the fact that he was confined in the county Jail as the basis for any claim that he suffered a violation of civil rights. None of the facts alleged support an inference that the County maintains a policy of deliberate indifference to inmate medical needs.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for

failure to state a claim on which relief may be granted. Plaintiff's motion to expedite, filed on May 8, 2007, and motion for a speedy trial filed on May 24, 2007, are DENIED as MOOT due to the dismissal of this complaint.

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[5] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 27th day of August, 2007.

                                              <u>s/ J. DANIEL BREEN</u>
                                              UNITED STATES DISTRICT JUDGE

---

[5] The appellate filing fee is $455.